**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| BEE CREEK PHOTOGRAPHY, LLC, Plaintiff, | § | Case No: 1:26-cv-3121 |
| v. | § | |
| LEV INVESTMENTS, INC., Defendant. | § | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Bee Creek Photography, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Lev Investments, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq. and for violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202(b)*.

2. Tod Grubbs ("*Grubbs*") created an aerial panoramic photograph of the San Antonio, Texas skyline at dusk, featuring the Tower of the Americas, the Alamodome, and the Henry B. González Convention Center (the "*Photograph*"), in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a company page on the LinkedIn social media platform at URL https://www.linkedin.com/company/lev-investments-inc./ (the "Account").

4. Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.



SLG SANDERS LAW GROUP

**PARTIES**

5. Plaintiff is a Texas limited liability company and maintains its principal place of business in Travis County, Texas.

6. Defendant is a California corporation with its principal place of business at 26527 Agoura Road, Suite 200, Calabasas, California 91302, and maintains an office at 4139 Centurion Way, Suite 500, Addison, Texas 75001.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over the federal copyright infringement and DMCA claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because Defendant purposefully directs substantial business activities at Texas and at this District, including by acquiring, owning, operating, and managing multifamily and retail real estate in San Antonio, Texas, and by maintaining an office in Addison, Texas, and because Plaintiff's claims arise out of and relate to Defendant's use of a photograph of the San Antonio skyline to promote that business.

9. Defendant represents on its own website that San Antonio, Texas is one of the key markets in which it invests, and it identifies among its holdings multiple multifamily and retail properties in San Antonio, including a featured San Antonio multifamily development of more than 300,000 square feet.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

11. Defendant's San Antonio properties are located within the San Antonio Division of this District, and, upon information and belief, Defendant used the Photograph, which depicts the San Antonio skyline, to promote its real estate business, including its San Antonio holdings.

SLG SANDERS LAW GROUP

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

12. Plaintiff is a Texas commercial photography studio managed by photographer Tod Grubbs and Cynthia Hestand that creates and licenses architectural, interior, aerial, cityscape, and landscape photography for architects, architecture and interior design firms, construction companies, commercial property owners, publishers, and businesses.

13. Grubbs has worked as a professional photographer for many years and is a Federal Aviation Administration Part 107-certified small, unmanned aircraft pilot. Plaintiff's portfolio includes an extensive library of aerial and skyline photographs of Texas cities, including San Antonio and Houston, which Plaintiff offers for commercial licensing through its website at www.beecreekphoto.com.

14. Plaintiff has devoted substantial time, skill, effort, and expense to developing its photography business and creating a portfolio of original photographs.

15. Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

16. Plaintiff owns the copyrights in numerous original photographic works protected under the Copyright Act, including the Photograph that is the subject of this action.

17. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit its copyrighted photographs.

18. Plaintiff derives income from the licensing and authorized use of its copyrighted works and maintains exclusive rights in the works it owns pursuant to the Copyright Act.

19. Plaintiff relies upon licensing revenue derived from the authorized use of its photographs and actively protects its copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of its copyrighted works, and interferes with the market for authorized licenses.



SLG SANDERS LAW GROUP

20. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

21. Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

22. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

23. On August 27, 2018, Grubbs first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

24. Grubbs published the Photograph by placing it on Plaintiff's website at www.beecreekphoto.com, where it is offered for commercial licensing, for the purpose of display and/or public distribution.

25. Plaintiff's website identifies the Photograph as copyrighted, displaying the notice "Photo © copyright by Bee Creek Photography LLC - Tod Grubbs / Cynthia Hestand," and the publicly available preview of the Photograph on Plaintiff's website bears a visible "beecreekphoto.com" watermark.

26. In creating the Photograph, Grubbs personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

27. On November 2, 2018, the Photograph was registered by the USCO under Registration No. VA 2-125-494.

28. The Photograph was registered within three months after its first publication.

29. Grubbs created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

30. On July 1, 2022, Grubbs assigned his rights in and to the Photograph to Bee Creek Photography, a general partnership (the "Partnership"), by written assignment, including all accrued claims and causes of action for infringement of the Photograph.

31. Effective April 1, 2024, the Partnership assigned its rights in and to the copyright in the Photograph to Plaintiff by written assignment agreement, including all accrued claims and causes of action for infringement of the Photograph.

**B. Defendant's Infringing Activity**

32. Defendant is the registered owner of the Account and is responsible for its content.

33. Defendant is the operator of the Account and is responsible for its content.

34. The Account is a part of and used to advance Defendant's commercial enterprise.

35. The Account is monetized in that it promotes Defendant's real estate investment, development, and asset management business to prospective investment partners, lenders, brokers, and tenants and, on information and belief, Defendant profits from these activities.

36. Defendant is a real estate investment and development firm that, by its own description, was founded in 2003, specializes in multifamily, retail, light industrial, and technology opportunities, and oversees a portfolio across more than 25 states from offices in Dallas and Los Angeles.

37. Defendant represents that it owns, manages, and invests in more than 3 million square feet of assets in more than 25 states, and that its founder has assembled a portfolio valued in the hundreds of millions of dollars.

38. Upon information and belief, Defendant generates revenue by acquiring, operating, and managing income-producing real estate and by raising capital from investment partners, and it uses its online presence, including the Account, to present its brand to prospective investment partners, brokers, lenders, and tenants.

39. Upon information and belief, the Account forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

40. Upon information and belief, Defendant is a sophisticated business whose leadership includes a President who holds a Master of Business Administration degree and a Vice President of Client Development who holds a joint law and business degree and previously held

SLG SANDERS · LAW GROUP ·

strategic positions at Paramount Pictures and other major companies, and who are therefore familiar with the requirement that copyrighted content be licensed before it is used.

41. Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

42. Upon information and belief, Defendant's officers and personnel are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

43. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

44. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

45. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

46. Upon information and belief, on or about June 16, 2020, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Account as the cover image displayed across the top of the Account's pages, including at URLs https://www.linkedin.com/company/lev-investments-inc./ and https://www.linkedin.com/company/lev-investments-inc./about/ (the "Infringement"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

47. The Photograph was willfully and volitionally reproduced and stored by Defendant at URL: https://media.licdn.com/dms/image/C561BAQEHMxwI9xr-lw/company-background_10000/0/1592268315933/lev_investments_inc_cover.

48. The Infringement does not display Plaintiff's watermark, Plaintiff's copyright notice, or any other credit identifying Grubbs or Plaintiff as the author or owner of the Photograph.

49. On April 18, 2024, in response to Plaintiff's notice of the Infringement, Defendant's President, Adam Lev Gabay, confirmed in writing that the Photograph appeared on Defendant's LinkedIn page.

50. The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

51. Plaintiff first observed the Infringement on December 16, 2023.

52. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

53. The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

54. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Account, including Plaintiff's Photograph.

55. Defendant exercised control over the content published on its Account and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

56. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Account by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf, including but not limited to its President, who oversees Defendant's portfolio strategy and investor relations and who responded on Defendant's behalf to Plaintiff's notice of the Infringement (collectively, the "*Representatives*").



SLG SANDERS · LAW GROUP ·

57. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Account on Defendant's behalf.

58. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

59. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Account, including the content containing Plaintiff's Photograph.

60. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Account. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

61. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Account and exercised such control through its Representatives acting within the course and scope of their authority.

62. Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

63. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

64. Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringement was selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

65. Upon information and belief, the Infringement was not posted at the direction of a



SLG SANDERS · LAW GROUP ·

"user" within the meaning of 17 U.S.C. §512(c), but instead were affirmatively selected and published by Defendant and/or its Representatives.

66. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

67. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

68. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Account.

69. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

70. Upon information and belief, Defendant monitors the content on its Account.

71. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

72. Upon information and belief, the Infringement increased engagement with the Account and generated additional audience traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

73. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Account and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

74. Upon information and belief, Defendant derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, and related business-development opportunities associated with the Infringement.



SLG SANDERS LAW GROUP

75. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

76. Defendant's use of the Photograph harmed the actual market for the Photograph.

77. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

78. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license the Photograph to other commercial entities.

79. On or about March 14, 2024, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

80. Thereafter, on or about April 16, 2024, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

81. Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant refused to compensate Plaintiff for its unauthorized use of the Photograph and responded only that the Photograph appeared on what Defendant described as an inactive LinkedIn page and that Defendant would remove it, thereby necessitating the commencement of this action.

82. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

83. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST CAUSE OF ACTION**
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

84. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

85. The Photograph is an original, creative work in which Plaintiff owns a valid



SLG SANDERS · LAW GROUP ·

copyright.

86. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

87. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

88. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

89. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

90. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

91. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

92. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

93. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.



SLG SANDERS LAW GROUP

**SECOND CAUSE OF ACTION**
***(Vicarious Copyright Infringement)***

94. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

95. Upon information and belief, at all material times hereto, Defendant possessed and exercised the right and ability to supervise, control, approve, review, modify, remove, and otherwise regulate the conduct of its Representatives with respect to content appearing on the Account.

96. As a direct and proximate result of such conduct, Defendant profited from and materially benefited from the Infringement.

97. Defendant enjoyed a direct financial benefit from the Infringement in that the Photograph served as the cover image of the Account through which Defendant presents its real estate business to prospective investment partners, lenders, brokers, and tenants, and in that Defendant avoided paying the licensing fee it would otherwise have been required to pay for the Photograph.

98. Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or "draw" of Plaintiff's Photograph to attract prospective investment partners and tenants to the Account and to promote Defendant's real estate business.

99. Defendant is liable as a vicarious infringer because it possessed the right and ability to supervise, control, and prevent the Infringement, derived a direct financial benefit from the Infringement, and failed to prevent or stop the Infringement.

100. Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

101. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each



SLG SANDERS LAW GROUP

copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

102. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

103. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyrights pursuant to 17 U.S.C. § 502.

**<u>THIRD CAUSE OF ACTION</u>**

***(Removal and/or Alteration of Copyright Management Information, 17 U.S.C. § 1202(b))***

104. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

105. As published on Plaintiff's website at https://www.beecreekphoto.com/photo/san-antonio-skyline-dusk-pano-dr207234/, the Photograph is conveyed together with copyright management information ("CMI") within the meaning of 17 U.S.C. §1202(c), including a "beecreekphoto.com" watermark identifying Plaintiff as the source and owner of the Photograph and the copyright notice "Photo © copyright by Bee Creek Photography LLC - Tod Grubbs / Cynthia Hestand," which identifies the Photograph's copyright owner and authors. A copy of a screenshot of the original source page is attached hereto as Exhibit 3.

106. Upon information and belief, Defendant obtained its copy of the Photograph from Plaintiff's website or from another source on which the Photograph was conveyed together with Plaintiff's CMI.

107. Defendant reproduced and publicly displayed the Photograph on the Account without any of Plaintiff's CMI. The Infringement bears no watermark, copyright notice, or credit identifying Plaintiff or Grubbs as the owner or author of the Photograph.

108. Upon information and belief, Defendant, without the authority of Plaintiff or the law, intentionally removed and/or altered Plaintiff's CMI, including by cropping and/or editing the Photograph so that Plaintiff's watermark does not appear in the Infringement, in violation of

SLG SANDERS LAW GROUP

17 U.S.C. §1202(b)(1).

109. Upon information and belief, Defendant distributed and publicly displayed the Photograph on the Account knowing that Plaintiff's CMI had been removed and/or altered without the authority of Plaintiff or the law, in violation of 17 U.S.C. §1202(b)(3).

110. Upon information and belief, Defendant knew, or had reasonable grounds to know, that removing and/or altering Plaintiff's CMI and displaying the Photograph without it would induce, enable, facilitate, and/or conceal infringement of Plaintiff's copyright, including by presenting the Photograph as Defendant's own corporate branding, concealing Plaintiff's ownership of the Photograph from the public, and making it less likely that Plaintiff or others would discover that Defendant's use was unlicensed.

111. Defendant's conduct violates 17 U.S.C. § 1202(b).

112. Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, in an amount to be proven at trial.

113. As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation, including any profits of Defendant attributable to the violation, or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

114. As a result of Defendant's violations of the DMCA, the Court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

## JURY DEMAND

115. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq. and has violated the DMCA under 17 U.S.C. §1202(b)* and therefore award damages and



SLG SANDERS LAW GROUP

monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. finding that Defendant violated section 1202(b) of the DMCA, 17 U.S.C. § 1202(b);

d. for an award of actual damages or, in the alternative, statutory damages against Defendant in an amount up to $25,000.00 for each violation of the DMCA pursuant to 17 U.S.C. § 1203(c);

e. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

f. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(4) and (5);

g. for pre-judgment interest as permitted by law; and

h. for any other relief the Court deems just and proper.

DATED: November 6, 2026

**SANDERS LAW GROUP**

By: *__/s/ Craig Sanders__*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129672
*Attorneys for Plaintiff*



SLG SANDERS LAW GROUP